Matter of J.D.A.L. (2025 NY Slip Op 25172)

[*1]

Matter of J.D.A.L.

2025 NY Slip Op 25172

Decided on July 28, 2025

Civil Court Of The City Of New York, New York County

Zellan, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on July 28, 2025
Civil Court of the City of New York, New York County

In the Matter of the Application of J.D.A.L., Petitioner For Leave to Change Their Name and Sex Designation

Index No. NC-000954-25/NY

Reed Smith LLP (Shaun Lee, of counsel) of New York, NY, for petitioner

Jeffrey S. Zellan, J.

Recitation, as required by CPLR 2219(a), of the papers considered in the review of this motion:
Papers Numbered
Petition and Affidavits /Affirmations annexed 1
Other — Supplemental Affirmation 2
Upon the foregoing cited papers, the Court grants petitioner's application for leave to change their name and sex designation is granted in the manner and for the reasons set forth below.[FN1]

Petitioner is a resident of Bronx County born in the Republic of Peru, and seeks leave to change their name and sex designation from male to female. (Petition, ¶¶ 1; 6-7). In bringing this proceeding, petitioner specifically pled that they "would like the name on my identity documents to match my identity and appearance," and that petitioner "would like to change my sex designation to align my identity documents with my female gender identity." (Petition, ¶¶ 15 and 20). By interim order, the Court adjourned this proceeding for petitioner to "submit supplemental papers addressing the Court's authority to grant the relief sought following Matter of N.K., 76 Misc 3d 641 (Civ. Ct., Bronx Co. 2022); and Adv. Op. OC-24/17 (Inter-Am. Ct. of H.R. 2017)," in which the Civil Court addressed the authority of the Court to in relation to out-of-state identity documents and the Inter-American Court of Human Rights discussed the right to amend identity documents in accordance with gender identity. In responding, counsel avers that petitioner "is not seeking an order specifically referencing any specific identity document," but rather restates that petitioner seeks leave "to assume the proposed sex designation of female." (Supplemental Aff. in Supp., ¶¶ 3-4). To the extent petitioner's request for relief remains somewhat ambiguous, the Court will address the question regarding what documents the Court may order amended. Matter of N.K., at 642.
Regarding any New York-issued identity documents (among which include petitioner's New York City Identification Card and New York State electronic benefits card, copies of which petitioner annexed as exhibits), petitioner is entitled to the requested changes of name and sex designation under Civil Rights Law §§ 63 and 67-a as matter of course. See, e.g., Matter of E.A.C.S., 84 Misc 3d 332, 333 (Civ. Ct., New York Co. 2024) (collecting authorities and discussing New York's standard of review). Accordingly, the petition is granted in its entirety as [*2]to all documents issued by New York State or its localities. 
As to petitioner's Peruvian identity documents (among which would include petitioner's Peruvian birth certificate, a copy of which petitioner annexed as an exhibit) the question is whether the laws of Peru permit such a change. Matter of "Mary," 75 Misc 3d 643 (Sup. Ct., Clinton Co. 2022) (denying leave to amend documents issued in Vermont). The Republic of Peru appears to have a treaty obligation pursuant to the American Convention on Human Rights to entertain an application for leave to amend a name and sex designation in conformance with someone's gender identity. See, Nicolas Carillo-Santarelli, International Decision: Inter-American Court of Human Rights—Principle of Individual Autonomy—Right to Identity— Rectification of Gender Identity Information—Protection of Different Models of the Family—Evolutionary Interpretation—Protection of Same-Sex Couples Including Same-Sex Marriage: Gender Identity, and Equality and Non-Discrimination of Same-Sex Couples, State Obligations Concerning Change of Name, Gender Identity, and Rights Derived from a Relationship Between Same-Sex Couples (Interpretation and Scope of Arts. 1(1), 3, 7, 11(2), 13, 17, 18, and 24, in Relation to Art. 1, of the American Convention on Human Rights. Advisory Opinion OC-24/17 Series A, No.24., 112 A.J.I.L. 479 (2018) (discussing Inter-American Court of Human Rights decision regarding gender identity obligations). Specifically, in Adv. Op. OC-24/17, the Court found that "to ensure alignment with self-defined identity and protect from arbitrary or unlawful interference with one's privacy, individuals are entitled to have a name change, image rectification, and correction of sex or gender appear in public records and identity documents," and that "the procedures to achieve these changes must be based exclusively on the free and informed consent of the applicant, and cannot be conditioned on requiring medical certificates, psychological appraisals, surgeries, or treatments." 112 A.J.I.L., at 481 (cleaned up). This is consistent with Civil Rights Law § 67-a as well and, as Peru has ratified the American Convention and accepted Inter-American Court of Human Rights jurisdiction, that Court's holding requiring member states to recognize sex designation changes appears controlling. As such, and also following Matter of N.K., the Court can and does grant petitioner leave to seek amendments of their Peruvian identity documents consistent with the Civil Rights Law and Adv. Op. OC-24/17.
Accordingly, the petition is granted. 
Date: July 28, 2025
Hon. Jeffrey S. Zellan, J.C.C.

Footnotes

Footnote 1:For administrative purposes, a separate order granting name and sex designation change and sealing the record of this proceeding pursuant to the Civil Rights Law accompanies this decision.